**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-25-402-D-1 |
| | ) | |
| KE YUAN, a/k/a Jessica, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Ke Yuan's Motion to Dismiss the Superseding Indictment Pursuant to the Dormant Commerce Clause [Doc. No. 76]. The government has filed a response [Doc. No. 80]. The matter is fully briefed and at issue, and neither party requested a hearing.

Defendant was charged in a five-count Superseding Indictment [Doc. No. 52], along with five co-defendants. Defendant was charged with drug conspiracy, two counts of maintaining a drug-involved premises, and money laundering conspiracy. *Id.* According to Defendant, the government's allegations include the claim that Defendant operated marijuana grows in violation of Oklahoma law due to her not having the appropriate licensure, for which "she was unable to even apply due to her not meeting Oklahoma's two (2) year residency requirement." [Doc. No. 76, at 1].

In Defendant's motion to dismiss, she argues that Oklahoma's residency requirement is unconstitutional under the Commerce Clause, U.S. Const., art. I, § 8. The Commerce Clause grants Congress the power to regulate commerce among the states, and

1

the Supreme Court has "long held that this Clause also prohibits state laws that unduly restrict interstate commerce." *Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 588 U.S. 504, 514 (2019). Under this "dormant Commerce Clause," "state statutes that clearly discriminate against interstate commerce are routinely struck down, unless the discrimination is demonstrably justified by a valid factor unrelated to economic protectionism." *New Energy Co. of Ind. v. Limbach*, 486 U.S. 269, 274 (1988) (internal citations omitted).

In Oklahoma, "[i]n order to be considered a resident of this state for purposes of a medical marijuana business application, all applicants shall provide proof of state residency for at least two (2) years immediately preceding the date of application[.]" OKLA. STAT. tit. 63, § 427.14(E)(12). In the present motion, Defendant contends that "Oklahoma's residency requirement for medical marijuana licenses clearly discriminates against non-residents by delaying their ability to even apply for the proper licensing, much less actually participate in the marijuana market, for a significant period of time." *Id.* at 4. Accordingly, Defendant seeks dismissal of the Superseding Indictment "due to the underlying allegations being based on an unconstitutional law that violates the dormant Commerce Clause." *Id.* at 5.

In response, the government contends that Defendant does not have standing to challenge Oklahoma's residency requirements in the context of this criminal proceeding based on violations of federal law, citing *Dennis v. United States*, 384 U.S. 855 (1966). In *Dennis*, several defendants were indicted for a conspiracy to obtain the services of the National Labor Relations Board on behalf of a union "by filing false affidavits in purported

satisfaction of the requirements of [§] 9(h) of the National Labor Relations Act." *Dennis*, 384 U.S. at 857. The defendants argued on appeal that Section 9(h) was unconstitutional. *Id.* However, the Supreme Court rejected the defendants' attempt to overturn their convictions on such a basis. *Id.* at 866. In doing so, the Supreme Court provided that "[i]t is no defense to a charge based upon this sort of enterprise that the statutory scheme sought to be evaded is somehow defective." *Id.* Concluding that "[a]mple opportunities exist in this country to seek and obtain judicial protection," the *Dennis* Court found "no reason for this Court to consider the constitutionality of a statute at the behest of petitioners who have been indicted for conspiracy by means of falsehood and deceit to circumvent the law which they now seek to challenge." *Id.*; *see also United States v. Stewart*, 590 F.3d 93, 111 (2d Cir. 2009) ("[the defendant's] strategy of collaterally attacking the validity of the [restrictions] [was] futile" because the prosecution was directed at the defendant's fraud and was "not an action to enforce the [law] claimed to be unconstitutional.").

Here, as noted by the government, Defendant is not being prosecuted "for violating any Oklahoma residency restriction," nor is the present action one to enforce Oklahoma's state medical marijuana laws. Rather, the government is prosecuting Defendant "for her participation in a large-scale marijuana trafficking conspiracy, maintaining multiple drug-involved premises (marijuana farms), and engaging in a money laundering conspiracy with the proceeds from her illegal drug operation[,] all in violation of federal law." [Doc. No.

3

80, at 4]. For this reason, the present criminal proceeding is not a proper forum for Defendant's collateral challenge to Oklahoma's residency requirement.[1]

For the reasons stated herein, Defendant Ke Yuan's Motion to Dismiss the Superseding Indictment Pursuant to the Dormant Commerce Clause [Doc. No. 76] is **DENIED**.

**IT IS SO ORDERED** this 22nd  day of April, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] The government further notes that—even if Oklahoma's residency requirement is deemed unconstitutional—Defendant "was still violating Oklahoma law by falsely conspiring to list individuals on licenses who were not the actual owners of the grows to conceal her own and other people's involvement in them." [Doc. No. 80, at 5]. Additionally, the Court agrees with the government that Defendant does not explain in her motion to dismiss how Oklahoma's residency requirement is connected to the remaining allegations of Defendant maintaining a drug-involved premises and engaging in money laundering.

4