**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-25-402-D-1 |
| | ) | |
| KE YUAN, a/k/a Jessica, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Ke Yuan's Motion to Strike Prejudicial Surplusage [Doc. No. 77], requesting that the Court strike certain portions of the Superseding Indictment, pursuant to FED. R. CRIM. P. 7(d). The government has filed a response [Doc. No. 81]. The matter is fully briefed and at issue.

Defendant was charged in a five-count Superseding Indictment [Doc. No. 52], along with five co-defendants. Defendant was charged with drug conspiracy, two counts of maintaining a drug-involved premises, and money laundering conspiracy. *Id.* In an introductory paragraph, the Superseding Indictment provides the following:

> In the years following the passage of Oklahoma's [medical marijuana program], the [Oklahoma Medical Marijuana Authority] granted more than 9,000 commercial grow licenses. Many of these commercial grows were established fraudulently, with their owners making false representations on applications for OMMA licenses and [Oklahoma State Bureau of Narcotics and Dangerous Drugs Control] registrations. Sometimes the true owners falsely stated that they were Oklahoma residents. Other times, the true owners did not list themselves on these applications, instead listing third parties who had no relationship to or controlling interest in the grow operation. This 'ghost-ownership scheme' resulted in

1

> numerous individuals, including illegal aliens and foreign nationals, as well as U.S. citizens of states other than Oklahoma, illegally receiving OMMA licenses and OBN registrations and operating marijuana grows. In addition to being established fraudulently, many of these illegal marijuana grows supplied the black market, sending marijuana both out of state and out of the country. Oftentimes, these 'ghost owners' did not act alone in establishing these black-market grows, instead relying on real estate or legal professionals to help them evade Oklahoma's MMP requirements.

*Id.* at 3.

Federal Rule of Criminal Procedure 7(d) provides that "[u]pon the defendant's motion, the Court may strike surplusage from the indictment or information." FED. R. CRIM. P. 7(d). "Acting in its discretion, a district court may strike as surplusage allegations not relevant to the charge at issue and inflammatory and prejudicial to the defendant." *United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990) (citations omitted).

Defendant asks that the Court strike the above-referenced introductory paragraph (Paragraph 7) from the Superseding Indictment [Doc. No. 52]. Defendant asserts that Paragraph 7 contains allegations independent of and unnecessary to the offenses charged, and the allegations are inflammatory and prejudicial "as they suggest that the jury should render a verdict based on conduct unconnected to the defendants in this matter and based on statewide historical problems resulting from the kind of conduct the defendants are alleged to have committed." [Doc. No. 77, at 4-5].

In response, the government contends that the background provided in Paragraph 7 is highly relevant to the conspiracy charged in the Superseding Indictment. The government asserts that it is not asking the jury to convict Defendant based on statewide

trends, but is providing context for Defendant's alleged conduct, which closely follows the background information contained in the Superseding Indictment.

Upon consideration, the Court agrees with the government that Paragraph 7 is relevant to the crimes charged, and the context provided is not inflammatory or prejudicial to Defendant. As the government notes, the Superseding Indictment alleges that Defendant "establish[ed] marijuana grows outside of Oklahoma law and regulation," "set up grows in the names of 'straw owners'," and "oversaw the operation of those illegally established grows and then proceeded to operate them in violation of Oklahoma (and federal) law." [Doc. No. 81, at 3]. Thus, the background information related to "ghost-ownership schemes" is relevant to Defendant's conduct charged in this case.  Further, the Court's jury instructions will make clear that the jury is not to base its verdict(s) on the conduct of others, but only on the defendants' conduct as alleged in the Superseding Indictment.

For these reasons, Defendant Ke Yuan's Motion to Strike Prejudicial Surplusage [Doc. No. 77] is **DENIED**.

**IT IS SO ORDERED** this 22nd  day of April, 2026.


_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge